# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE J. SMITH, JR.,

    Petitioner,

vs.

DAVID NEVEN, et al.,

    Respondents.

Case No. 2:05-CV-00191-PMP-(GWF)

**ORDER**

    Before the Court are the Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#8), Respondents' Answer (#23), and Petitioner's Opposition (#25). The Court finds that Petitioner is not entitled to relief and denies the Amended Petition (#8).

    After a jury trial, Petitioner was convicted of possession of a controlled substance. Ex. G (#16, p. 259).[1] Petitioner appealed the judgment of conviction, and the Nevada Supreme Court affirmed. Ex. H (#16, p. 262). Petitioner then filed a state habeas corpus petition. Ex. I (#16, p. 266). The district court denied that petition. Ex. L (#16, p. 331). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. M (#16, p. 337). Smith then commenced this action. The Court dismissed all grounds of the Amended Petition (#8) but 3, 4, 13, 14, and 15. Order (#9). Respondents then moved to dismiss (#16) some of those remaining grounds because Petitioner had not exhausted his available remedies in state court. The Court granted the motion. Order (#19).

---

[1] All exhibits are attached to the Motion to Dismiss (#16). The page number in parentheses corresponds to the Court's electronic image file.

Petitioner elected to dismiss the unexhausted grounds. Decl., pp. 6-9 (#20). Consequently, the Court dismissed Grounds 3, 4A, 13, 14, and 15. Order (#22). Only the first page of Ground 4, at p. 23 of the Amended Petition (#8), remains.

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16. "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005).

In the remaining part of Ground 4, Petitioner claims that the evidence was insufficient to support a verdict of guilty. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979) (citing In re Winship, 397 U.S. 358 (1970)). On federal habeas corpus review of a judgment of conviction pursuant to 28 U.S.C. § 2254, the petitioner "is entitled to habeas corpus

relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324. "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16. Nevada defines possession of a controlled substance as, in relevant part, "A person shall not knowingly or intentionally possess a controlled substance . . . ." Nev. Rev. Stat. § 453.336(1). "[I]t is the exclusive province of the jury, to decide what facts are proved by competent evidence. It was also their province to judge of the credibility of the witnesses, and the weight of their testimony, as tending, in a greater or less degree, to prove the facts relied on." Ewing's Lessee v. Burnet, 36 U.S. (11 Pet.) 41, 50-51 (1837).

On June 6, 2001, North Las Vegas police officers Charles Stucky and Gary King pulled over a pickup truck. Petitioner and Michael Johnson were in the cab, and a man named Green was in the bed. After stopping, Petitioner and Johnson tried to walk or run away. Officer King noticed that Johnson was dropping items, including a pipe for smoking rock cocaine, some change, and a dollar bill. Ex F, p. II-79 (#16, p. 140). Officer King stopped and handcuffed them, and then he sat them down on the street curb about ten to twelve feet away from where Johnson dropped his items. Id., p. II-80 (#16, p. 142). Officer King did not notice any items or drugs on the pavement where he sat Petitioner down. Id., p. II-79 (#16, p. 141). Officer Stucky then noticed Petitioner using his heels to grind something into the pavement. Officer Stucky moved Petitioner and saw three small rocks that he recognized as rock cocaine. Id., p. II-33 (#16, p. 95). Officer Stucky used a field test kit, and the rocks tested positive for cocaine. Id., p. II-36 (#16, p. 98). The officers then arrested Petitioner and took him to the North Las Vegas jail. There, Officer Stucky asked Officer Chris Martinez to strip-search Petitioner. Id., pp. II-41-42 (#16, p. 103-04). Officer Martinez had Petitioner turn around, face the wall, bend at the waist, spread his buttocks, squat, and cough. Officer Martinez saw three rocks, wrapped in a clear plastic bag, between Petitioner's buttocks, and then the rocks fell to the floor. Id., pp. II-120-21 (#16, pp. 182-83). Officer Martinez gave the rocks to Officer Stucky. Officer Stucky field-tested the rocks, and they tested positive for cocaine. Id., pp. II-41-42 (#16, p. 103-04). Later, Forensic Specialist Carol Crossley tested the rocks in a laboratory. They tested positive for cocaine. Id., pp. II-136-37 (#16, pp. 198-99).

On direct appeal, the Nevada Supreme Court described largely the same evidence. It then held:

> Although, at trial, Smith alleged that all the rock cocaine discovered belonged to other individuals, the jury could reasonably infer from the evidence presented that Smith had actual or constructive possession of the rock cocaine. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict.

Ex. H, p. 2 (#16, p. 263). Based upon the facts presented at trial, this was a reasonable application of <u>Jackson</u>, and the remaining part of Ground 4 is without merit.

IT IS THEREFORE ORDERED that the Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#8) is **DENIED**. The Clerk of the Court shall enter judgment accordingly.

Dated: April 23, 2007.

_____
PHILIP M. PRO
United States District Judge