1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7
8
9   WILLIE J. SMITH, JR.,

10          Petitioner,                         Case No. 2:05-CV-00191-PMP-(GWF)

11   vs.                                        **ORDER**

12   DAVID NEVEN, et al.,

13          Respondents.

14

15          Petitioner has submitted an Application Requesting a Certificate of Appealability

16   (#33).  To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a

17   certificate of appealability, after making a "substantial showing of the denial of a constitutional

18   right."  28 U.S.C. §2253(c).

19          Where a district court has rejected the constitutional claims on
             the merits, the showing required to satisfy §2253(c) is straightforward:
20           The petitioner must demonstrate that reasonable jurists would find the
             district court's assessment of the constitutional claims debatable or
21           wrong.

22   Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th

23   Cir. 2000).

24          Petitioner's sole remaining ground for relief was that insufficient evidence existed to

25   support a verdict of guilty for possession of rock cocaine, a controlled substance.  The Court

26   reviewed all the evidence that the state presented to the jury.  Order (#30), p. 3.  The Court then

27   noted that when Petitioner raised this issue in his direct appeal, the Nevada Supreme Court held that

28   sufficient evidence existed for the jury to determine that Petitioner had actual or constructive

1    possession of the rock cocaine, and that it was up to the jury to determine questions of credibility.

2    Id., p. 4. The Court then determined pursuant to 28 U.S.C. § 2254(d) that the Nevada Supreme

3    Court's ruling was a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979).

4    Reasonable jurists would not find this conclusion to be debatable.

5          Petitioner also incorrectly argues that the Court failed to consider that there were two

6    distinct acts of possession, namely, the rock cocaine that he was grinding into the pavement while

7    sitting handcuffed on the curb of a street and the rock cocaine that he had hidden between his

8    buttocks. This was the issue in Ground One of the Amended Petition (#8). The Court dismissed

9    that ground because the discovery of part of Petitioner's rock cocaine on the street and the discovery

10    of the remaining part of Petitioner's rock cocaine after a strip-search in the police station did not

11    create two separate acts of possession. Order (#9), p. 2 (citing Nev. Rev. Stat. § 453.336(1)).

12    Reasonable jurists would not find this conclusion to be debatable.

13          IT IS THEREFORE ORDERED that Petitioner's Application Requesting a

14    Certificate of Appealability (#33) is **DENIED**.

15

16    DATED: August 1, 2007.

17

18                                         _____

19                                         PHILIP M. PRO
                                         United States District Judge

20

21

22

23

24

25

26

27

28